## Commonwealth v. Koontz

*Howard W. Bischoff,* for the Commonwealth.
*William L. Kimmel,* for the defendant.

COFFROTH, *P.J.,* October 25, 1982—This license suspension appeal is based on allegations that

the suspension order is invalid for want of notice thereof within six months of conviction under Vehicle Code §1551 which provides as follows:

"The department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person."

The record offered in evidence by the Commonwealth shows that appellant was cited for a violation of Code §3112 (traffic-control signals) on June 9, 1980, and was convicted thereof on July 15, 1980, so that the six month period expired January 15, 1981. That conviction added 3 points to his record, making a total of 11 points for which suspension is mandated by Code §1539(a). The initial notice of suspension was mailed January 29, 1981 (a corrected notice was mailed March 3, 1981, and a second corrected notice was mailed March 3[?], 1981). It is clear that §1551 supra was violated because notice of suspension was not made (mailed) within six months of the conviction and the suspension is therefore void and must be vacated.

We note that the certified citation bearing the certification of the conviction also bears an endorsement stamp containing the following words "RECEIVED, January 22, 1981, CONTROL DIVISION". This obviously explains that the Department was late in giving notice of suspension because of the late date it received the certification of conviction from the district justice, who should

have certified the conviction early in August, 1980, as provided in Code §6322(a). In Commonwealth v. Harrity, 37 Somerset L. J. 140 (1979), we held that the time prescribed for certification by §6322(a) is directory only, not mandatory, and that late certification by the district justice is not ground for reversing a suspension based thereon unless the delay is shown by appellant to be prejudicial in fact. But in Harrity, even though the certification of conviction by the district justice was late, unlike the instant case the Department received it in time for giving notice of suspension within the six month period, and did so notify the licensee resulting in affirmance of the suspension.

The flat mandatory language of §1551 supra prohibiting a suspension without notice within the six month period requires that we vacate this suspension. The fact that this result is unfair to the Department is not controlling, because the interest of the licensee in timely action by the Department is superior. The language of §1551 admits of no exceptions. We dealt with an analogous situation in Commonwealth v. Harrison, 41 Somerset L. J. 134 (1982) in whch a conviction was certified too late to enable the Department to assign points within the six month period mandated in §1535(c); there we said (137):

"(5) It is true as argued by Commonwealth counsel that the Commonwealth cannot assign points until it receives the certification and can only go by the certificate in computing the six month period, and therefore cannot protect itself against error in the certified date of conviction, resulting in unfairness to the Commonwealth. See: Commonwealth v. Pugh, 38 Somerset L. J. 135, 139 (1979); Commonwealth v. Parr, 56 Pa. Commonwealth 203 (1981) cited by Commonwealth counsel was not a points case and did

not involve the six months limitation of §1535(c). But there is greater injury to the citizen who is deprived of the benefit of §1535(c) by an erroneous certification; and the clear language of the statutory mandate shows that the legislature was more concerned with creating a right for the citizen, and imposing a duty of promptness on the Commonwealth, than with whether the result is fair to the clerics of the Commonwealth. Moreover, if error is made by the district justice or clerk of courts in certifying date of conviction, it is fairest that the Commonwealth in whose name and authority they acted be held responsible for the error. The result would be otherwise, however if it were shown that appellant was responsible for the error."

The same rationale is applicable here.

In this case, too, it is obvious that the points were not assigned within the six month period under §1535(c). Points are rebuttably presumed to have been assigned on the date of the notice of assignment (January 29, 1981). Commonwealth v. Pugh, 38 Somerset L. J. 135 (1979).* There is no rebutting evidence here. Moreover, the evidence of the "RECEIVED" endorsement showing January 22, 1981, as the date of receipt, makes it impossible for the Department to have assigned the points within the six month period, as well as to give notice of the suspension within that period. Therefore, we must enforce §1535(c) which clearly states that (relevant part): "Any points assigned after such six month period shall be null and void."

---

* Commonwealth v. Pugh, supra, also holds that a departmental notice, if mailed, was mailed on the date of the notice. On the nature of rebutting evidence required, see Commonwealth v. Crissey, 42 Somerset. L. J. 64 (1982).

## ORDER

Now, October 25, 1982, the appeal petition to set aside the suspension order is granted on the merits. The department is directed to restore appellant's operating privilege and to remove from his record the three points assigned for the violation of June 9, 1980. Costs on appellant.